IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COREY DAMONT JEFFERSON, )
)
                  Petitioner, )
)
v. )   Case No. 25-3184-JWL
)
Warden, FCI-Leavenworth, )
)
                  Respondent. )
)
_____)

## **MEMORANDUM AND ORDER OF DISMISSAL**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges the calculation of credits against his sentence. For the reasons set forth below, the Court **dismisses** this case based on petitioner's failure to exhaust administrative remedies as required.

Petitioner, who is imprisoned within this judicial district, is serving a 235-month sentence imposed in 2017. In his petition, petitioner claims that the Bureau of Prisons (BOP) has failed to calculate and apply credits earned under the First Step Act (FSA) and that he is entitled to a transfer to prerelease custody under a proper application of those credits and the Second Chance Act (SCA). Respondent filed an answer to the petition, in which she argues that the case should be dismissed based on a failure to exhaust. Petitioner, however, did not file a traverse or reply brief by the ordered deadline of November 5, 2025.

The Court agrees that the case should be dismissed because of a failure to exhaust. Petitioner was required to exhaust administrative remedies before seeking relief from this Court. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ."). Petitioner concedes in his petition that he has not exhausted his administrative remedies. Petitioner argues, however, that exhaustion would be futile in his case.

It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* Petitioner has not shown such futility, however. *See Garner v. United States*, 2021 WL 3856618, at *2 (D. Kan. Aug. 30, 2021) (Lungstrum, J.) (futility exception applies only in extraordinary circumstances, and petitioner bears the burden to demonstrate futility of administrative review). In claiming futility, petitioner states only that the "BOP has established a pattern of systemic denial of FSA/SCA application." He has not supported that statement with any evidence, however, or even with any explanation or examples. Thus, petitioner has not shown that this is the extraordinary case in which use of the administrative process would be futile. *See id.* at *3 (rejecting similar argument for futility) (citing, *inter alia*, *Garza*, 596 F.3d at 1204).[1] Accordingly, the Court dismisses the petition.

---

[1] The Court notes that petitioner's claims based on a proper calculation of his earned credits and the manner in which those credits should be applied to petitioner's sentence and his possible transfer to prerelease custody are the type of claims that the BOP should have the opportunity to address first in the administrative process. Thus, for example, the BOP could address petitioner's seemingly impossible claim that he has earned 2,407 days of FSA credits, at a rate of 10 or 15 days per 30 days of programming completed, even though petitioner has had less than seven years in which to earn such credits since the enactment of the FSA.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **dismissed**.

IT IS SO ORDERED.

Dated this 17th day of November, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge